**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| CHARLIE MCKINNEY, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:26-cv-8-LAG-ALS |
| | : | |
| GOVERNOR BRIAN KEMP, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff Charlie McKinney, Jr., a prisoner at Valdosta State Prison in Valdosta, Georgia, filed a *pro se* Complaint seeking relief under 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). In addition, he filed multiple requests for alternative dispute resolution (Docs. 6, 19, 21); a motion for judgment on the pleadings (Doc. 7); motions for a temporary restraining order or other preliminary injunctive relief (Docs. 8, 14, 15); motions seeking expedited resolution of this case (Docs. 11, 20); motions for discovery, a hearing, and oral argument (Docs. 10, 21, 27); and motions to appoint counsel (Docs. 9, 20).

## ORDER TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the Court's filing fee. The Court reviewed Plaintiff's motion to proceed IFP and finds that it is incomplete. A prisoner seeking to proceed IFP must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff did not

---

[1] On November 12, 2025, Plaintiff filed his complaint in the United States District Court for the Southern District of Georgia. (Doc. 1). On January 15, 2026, that court transferred the case to this Court. (Docs. 24, 25).

submit a certified copy of his trust fund account information. Without this information, the Court cannot determine whether Plaintiff is entitled to proceed IFP or calculate the average monthly deposits or the average monthly balance in Plaintiff's prison trust account as required by 28 U.S.C. § 1915(b)(1), which directs the district court to assess an initial partial filing fee when funds are available.

Plaintiff is thus **ORDERED** to either pay the Court's $405.00 filing fee in full or to submit a complete and proper motion to proceed IFP within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's motion must include a certified copy of his trust fund account statement for the six months prior to the filing of the Complaint in this action. The Clerk is **DIRECTED** to provide Plaintiff with a copy of the appropriate forms for this purpose, marked with the case number for the above-captioned action.

## MOTIONS TO APPOINT COUNSEL

Plaintiff has also moved to appoint counsel. "Appointment of counsel in a civil case is not a constitutional right." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "A court's appointment of counsel in a civil case is warranted only in exceptional circumstances, and whether such circumstances exist is committed to the district court's discretion." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) (citing *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)). In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

2

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that the appointment of counsel is not justified at this time. Plaintiff has demonstrated the ability to litigate his case, including filing pleadings and motions sufficiently setting out his contentions to allow review by this Court. Additionally, at this early stage in the litigation, it is unclear if the case will proceed to trial. Thus, there is no basis to conclude that counsel will be needed for the presentation of evidence or cross examination of witnesses. Plaintiff, "like any other litigant[], undoubtedly would [be] helped by the assistance of a lawyer, but [his] case is not so unusual" that appointed counsel is necessary. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). As such, Plaintiff's motions to appoint counsel (Docs. 9, 20) are **DENIED**.[2] Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, the Court, <u>on its own motion</u>, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

**MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has also filed several motions seeking an emergency protective order or other similar preliminary injunctive relief that would require the Court to direct prison officials to place him in protective custody. (Docs. 8, 14, 15). Plaintiff contends that his life is in danger because other inmates and prison officials identified him as "a snitch/rat." *See, e.g.*, Doc. 8, at 1. The Court will construe these motions as requests for a temporary restraining order ("TRO") or a preliminary injunction. A

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay counsel for their representation or authorize courts to compel counsel to represent an indigent party in a civil action. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989); *Taylor v. Pekerol*, 760 F. App'x 647, 651 (11th Cir. 2019) (stating that district court has no "inherent power" to compel counsel to represent a civil litigant and § 1915 provides no such authority).

3

TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (citation omitted).[3]

Plaintiff does not clearly address these factors in his motions, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits. Furthermore, Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations. Fed. R. Civ. P. 65(a)(1); *see also* Fed. R. Civ. P. 65(b). Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds.[4] Accordingly, it is **RECOMMENDED** that Plaintiff's claims for preliminary injunctive relief or a temporary restraining order (Docs. 8, 14, 15) be **DENIED.**

**ORDER TO RECAST**

The claims in Plaintiff's Complaint appear to arise from his incarceration at Valdosta State Prison. *See, e.g.*, Doc. 1, at 5. Plaintiff contends he is "a DeKalb County Superior Court ordered confidential human source/informant" who has been identified as a "snitch/rat" by "morally corrupt prison officials such as Jullie Mullins and high profile gang related prisoner Mr. Martez Johnson." *Id.*

---

[3] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010).

[4] Plaintiff may include claims for injunctive relief in his recast complaint in accordance with the instructions set forth below.

Plaintiff contends Mr. Johnson "issued a $12,000 contraband cash app hit/bounty for [Plaintiff's] life[,]" and he reported this to Defendant Mullins, who apparently took no action. *Id.* Plaintiff contends he has been "physically assaulted on 4 different occasions at 4 different prisons[,]" "continue[s] to be verbally and physically abused daily," and has been repeatedly denied protective custody. *Id.* Plaintiff names Georgia Governor Brian Kemp and Georgia Department of Corrections Commissioner Tyrone Oliver as the only Defendants in this action, and he seeks "state/federal court relief in the form of money, TRO, and pre-liminary injunction" because of the alleged constitutional violations described in his Complaint. *Id.* at 4-5.

Plaintiff does not mention Defendants Oliver and Kemp in the body of his Complaint. It thus appears that Plaintiff wishes to sue these Defendants in their supervisory capacity. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g.*, *Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir. 2023); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g.*, *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Here, Plaintiff has not alleged any facts that could suggest that either Defendant Kemp or Defendant Oliver are liable in their individual capacities as supervisors. His Complaint, as pleaded,

would therefore be subject to dismissal at the screening stage. In addition, Plaintiff has also filed many motions which may contain factual allegations or claims that Plaintiff may wish to make part of this lawsuit. To clarify the claims in this litigation, Plaintiff is **ORDERED** to entirely recast his Complaint to include all amendments and facts he wishes to make a part of this case. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5) *What* did this defendant do (or not do) in response to this knowledge?

(6) *What* relief do you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. He need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the

Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that he will not be permitted to join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims in accordance with the Federal Rules of Civil Procedure. Plaintiff is also cautioned to fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies, or he risks dismissal of this case.

**The recast complaint will supersede (take the place of) the original Complaint (Doc. 1). Plaintiff may include additional pages with the Court's standard form, but the recast complaint must be no longer than ten (10) pages in its entirety.** This ten-page limit includes (and is not in addition to) the pages making up the Court's standard form. **The Court will not consider any allegations in any other document, or any allegations not contained within those ten pages, to determine whether Plaintiff has stated an actionable claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit a recast complaint on this form.

<strong>REMAINING PENDING MOTIONS</strong>

Plaintiff also filed motions for alternative dispute resolution (Docs. 6, 19, 21), a motion for judgment on the pleadings (Doc. 7), a motion for discovery (Doc. 10), motions to expedite review of his case (Docs. 11, 20), and motions for a hearing (Docs. 21, 27). Once Plaintiff complies with this

Order, the Court will rule on his motion to proceed *in forma pauperis* and screen Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e) if necessary. The Court will perform this screening in a timely manner. If any of Plaintiff's claims proceed past this initial screening process, then the Court will provide additional information and instructions regarding discovery, dispositive motions, and the continued litigation of this case. Plaintiff's motions for alternative dispute resolution (Docs. 6, 19, 21), his motion for discovery (Doc. 10), his motions for an expedited review of this case (Docs. 11, 20), and his motions for a hearing (Docs. 21, 27) are therefore premature and **DENIED** as such. It is **RECOMMENDED** that his motion for judgment on the pleadings (Doc. 7) be **DENIED**, as it is also premature.

## CONCLUSION

Based on the foregoing, Plaintiff is **ORDERED** to (1) either pay the Court's $405.00 filing fee in full or to submit a complete and proper motion to proceed IFP, including a certified copy of his prison trust fund account information, and (2) recast his Complaint on one of the Court's standard forms within **FOURTEEN (14) DAYS** of the date of this Order if he wishes to proceed with his claims. It is **RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Doc. 7) and his motions for preliminary injunctive relief (Docs. 8, 14, 15) be **DENIED**. Plaintiff's motions for alternative dispute resolution (Docs. 6, 19, 21); to appoint counsel (Docs. 9, 20); for discovery, a hearing, and oral argument (Docs. 10, 21, 27); and for expedited resolution of this case (Docs. 11, 20) are **DENIED**.

Plaintiff is further **DIRECTED** to notify the Court immediately and in writing of any change in his mailing address. **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action**. There shall be no service of process in this case until further order of the Court.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Leslie A. Gardner, Chief United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 10th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE